ARTHUR KRAUSE *vs.* GEORGE W. BURGESS, JR. & another. March 5, 1975. The allegations of paragraph six of the plaintiff's bill to the effect that he had a right to use the easement over the alley as a means of public access to his restaurant were not denied or otherwise challenged by the defendants' answer or by their counterclaim. As we read the master's report (particularly as illuminated by paragraph three of the ultimate findings), no such question (as opposed to questions concerning the use and operation of the granted premises) appears to have been litigated between the parties. Accordingly, the final decree must be modified so as to strike paragraph six thereof. As it has been found

that Mary Burgess has no interest in the servient tenement, and as there is nothing to indicate that she has participated in the construction of the fence in question, the decree is to be further modified so as to include therein a provision dismissing the bill as to her. As so modified, the final decree is affirmed.

*So ordered.*

*Robert F. Mooney* for the plaintiff.
*Michael Driscoll* for the defendants.